UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GERALD NELSON,

                Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:12 CV 694

BRADLEY BALK, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter **terminated**.


## BACKGROUND

      Plaintiff makes the following allegations in his complaint. Plaintiff was taken to the St. Joseph County Jail on March 3, 2010. During the booking process, Plaintiff informed "staff" that he "needed two teeth pulled." Plaintiff subsequently submitted healthcare kites to Nurse Patty Kane requesting "immediate" treatment for "very bad tooth aches" and "gum disease." Plaintiff "would see the nurse daily and plead with her for anything for the excruciating pain. . .but she never provided anything." Plaintiff was later examined by Dr. Green who informed Plaintiff that she was unable to treat his oral complaints as she was not a dentist. Several weeks later, Plaintiff was examined by a dentist who provided Plaintiff with antibiotics and pain medication. The dentist subsequently extracted several

of Plaintiff's teeth. Plaintiff initiated the present action against Nurse Kane as well as Sheriff Bradley Belk. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs and seeks in excess of one-half million dollars in damages. Defendants Kane and Belk now move for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the*

*Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I. Defendant Belk

Plaintiff makes no specific allegations against Belk in his complaint, but instead simply alleges that the Sheriff is "directly responsible for the deliberate indifference, neglect and the excruciating pain that [he] endured." As is well recognized, however, liability in a § 1983 action "must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act' or the 'mere right to control employees.'" *Rodriguez v. City of Cleveland*, 439 Fed. Appx. 433, 457-58 (6th Cir., Aug. 26, 2011) (citations omitted).

Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). To avoid dismissal for failure to state a claim, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what

the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must likewise articulate facts sufficient to allege a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 556 U.S. at 678; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). Because Plaintiff has failed to allege that Defendant Belk engaged in any active unlawful behavior, the undersigned recommends that Plaintiff's claims against Belk be dismissed for failure to state a claim on which relief may be granted.

The undersigned further recommends, in the alternative, that Defendant Belk is entitled to summary judgment. Plaintiff alleges that Belk was deliberately indifferent to his serious medical needs. The Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether Defendant possessed a sufficiently culpable state of mind:

a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendant must prevail. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

Defendant Belk has submitted an affidavit in which he asserts that he was unaware that Plaintiff was suffering from any dental complaints or that Plaintiff was experiencing difficulty obtaining treatment for such. (Dkt. #14, Exhibit 1). Defendant further asserts that he neither directed anybody to deny Plaintiff medical treatment nor was aware of anybody that so acted. (Dkt. #14, Exhibit 1). Plaintiff

has submitted no evidence that refutes or calls into question Defendant Belk's assertions. Accordingly, the undersigned recommends, in the alternative, that Defendant Belk is entitled to summary judgment.

## II.        Defendant Kane

Plaintiff alleges that Defendant Kane "was the recipient of all [his] medical [and] dental kites" requesting treatment. Plaintiff further alleges that Defendant Kane "refused to have [his] medical needs addressed."

Defendant Kane has submitted an affidavit in which she asserts that she attempted to examine Plaintiff on March 19, 2010, but that Plaintiff "refused to see [her] for a physical exam." (Dkt. #14, Exhibit 2). When Defendant Kane examined Plaintiff on March 31, 2010, Plaintiff made no complaints of tooth or gum pain. (Dkt. #14, Exhibit 2). Defendant nevertheless scheduled Plaintiff to be examined by Dr. Green on April 6, 2010. (Dkt. #14, Exhibit 2). Dr. Green reported that Plaintiff was experiencing "signs of some gum inflammation, but nothing warranting a prescription for pain medication." (Dkt. #14, Exhibit 2). Plaintiff subsequently "broke off a tooth," after which he was referred to a dentist who examined Plaintiff on April 22, 2010. (Dkt. #14, Exhibit 2). The dentist provided Plaintiff with medication following this initial examination and on May 13, 2010, extracted certain of Plaintiff's teeth. (Dkt. #14, Exhibit 2). Plaintiff has submitted no evidence that refutes or calls into question the assertions in Defendant Kane's affidavit or the evidence attached thereto.

The evidence submitted by Defendant demonstrates that she did not act with a sufficiently culpable state of mind to violate Plaintiff's Eighth Amendment rights. This evidence further reveals that Plaintiff received medical treatment, but that Plaintiff simply disagrees with the frequency and/or efficacy of such. As previously noted, however, to the extent that Plaintiff simply disagrees with the

treatment he received, or asserts that he received negligent care, he cannot prevail. The undersigned recommends, therefore, that Defendant Kane is entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #13), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: July 8, 2013                          /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge